IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Marion "Turk" Culberson, | ) | |
| | ) | C/A No. 8:11-1708-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Kelly Nichols, in her official | ) | |
| capacity and individually, and | ) | |
| Anderson County, | ) | |
| | ) | |
| Defendants. | ) | |

_____

In his Amended Complaint, Plaintiff Marion "Turk" Culberson ("Culberson") raises a federal claim pursuant to 42 U.S.C. § 1983 and state law claims for malicious prosecution, abuse of process, infliction of emotional distress, and negligence. This matter is before the Court on Defendants Kelly Nichols ("Nichols") and Anderson County's ("County's") Motions to Dismiss. (Dkt. # 9 and 10). For the reasons set forth below, Defendants' Motions to Dismiss are granted on Culberson's federal claim. However, the court declines to exercise supplemental jurisdiction over Culberson's state law claims.

**Background/Procedural History**

Between 1986 and November 2008, Joey Preston ("Preston") was the Anderson County Administrator. In March 2003, Nichols was hired by the County as a storm water inspector. Culberson alleges Preston adopted a custom or practice of intimidation to silence persons who opposed his actions while the County Administrator and the County acquiesced. Culberson became a vocal opponent of Preston and often voiced his opposition on a local radio talk show. Culberson also alleges that Nichols and Preston had a personal relationship and he often voiced his concern over Nichols' qualifications for her

position with the County. Culberson alleges that, at the County's direction, he and others received letters from the law firm Young, Clements, & Rivers, LLP, threatening legal action for expressing their opposition on the talk show.

On or about April 25, 2011, Nichols contacted the Sheriff's Office and filed an incident report alleging Culberson was harassing her. Lt. Andrew Tribble of the Sheriff's Office spoke with Nichols and she complained that Culberson was trying to catch Nichols using a County car in violation of County policy. Nichols complained that in December 2006, Culberson had filed a Freedom of Information Act ("FOIA") request with the County requesting information about Nichols; in January and July 2007, and in July 2010, Culberson had driven by Nichols house; and in March 2010, Culberson had driven by Nichols twice while she was working on Crestview Road. In early May, 2011, Tribble met with Culberson and his wife. Culberson admitted filing a FOIA request regarding Nichols, but he denied following, stalking, or harassing her. Tribble told Nichols he did not believe any prosecutable crime had occurred and the case was closed. On May 6, 2011, Nichols, however, filed an action in the Anderson County Magistrate Court seeking a restraining order. On May 11, 2011, the Magistrate court action was dismissed.

In stating his § 1983 claim, Culberson alleges that there was no probable cause for the institution, prosecution and/or continuation of criminal and/or civil proceedings against him by the Defendants and he alleges Nichols filed a complaint with the Sheriff's Office and/or instituted and prosecuted the action for a restraining order to unlawfully interfere with his Constitutional rights, specifically his rights to freedom of speech, expression, and travel.

## Standard of Review

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its

inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

### Discussion

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

> The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (internal quotation marks and citations omitted).

Employment by a municipality is not conclusive in determining whether a person was acting "under color of state law;" but it is relevant. *Murphy v. Chicago Transit Authority*, 638 F.Supp. 464, 467 (N.D. Ill. 1986)(citations omitted). "Not all actions by state

employees are acts under color of law." *Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995)  Rather, "[t]he dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id*.

In *Hughes v. Halifax County School Bd.*, 855 F.2d 183, 186-87 (4th Cir. 1988), the Fourth Circuit held that the relevant question in determining whether someone acted under the color of state law is whether "the actions complained of were committed while the defendants were purporting to act under the authority vested in them by the state, or were otherwise made possible because of the privileges of employment."  In *Hughes*, two county employees assaulted the plaintiff in retaliation for the plaintiff's testimony before a grand jury regarding the alleged corruption of the state division that employed the employees and the plaintiff.  *Id.* at 184. Although the assault occurred at the work site, the Fourth Circuit refused to find that the employees were state actors because there was no indication that they had used the authority of their positions to assist them in assaulting the plaintiff. *Id*. at 187.

Here, Culberson has not alleged what power or authority Nichols possesses based upon her employment as a storm water inspector and how she was acting pursuant to such power or authority when she filed the incident report against Culberson and sought a restraining order.  Culberson cites *Rossignol v. Voorhaar*, 316 F.3d 516 (4th Cir. 2003), in support of his argument that Nichols was acting under the color of state law.  However, *Rossignol* is simply inapplicable.

In *Rossignol*, the defendant sheriff's deputies while off duty and out of uniform conducted a countywide mass purchase of the plaintiff's newspaper in an effort to suppress criticism of their official conduct before an election. *Rossignol*, 316 F.3d at

4

519-20. The Fourth Circuit concluded that the deputies' actions were attributable to the state because the deputies were motivated to censor criticism of their official conduct. *Id*. at 524-25.  Further, the Fourth Circuit found significant the fact that the off-duty officers were well-known as police officers and it appeared that they had used their status as officers to intimidate store employees. *See id*. at 526 (explaining that "the deputies' identities as state officers played a role at several points during the seizure" and noting the undoubted "effect of a police presence on a store owner or clerk").

Here, in contrast, while Culberson alleges that all of Nichols' actions are linked to her employment, he does not allege that Nichols used her position as storm water inspector to gain an advantage when she filed the incident report or sought the restraining order against Culberson.  While Culberson apparently has issues which he alleges arise out of Nichols' employment, it is clear that Nichols' actions were simply the actions of a private citizen.  Accordingly, Defendant Nichols' Motion to Dismiss is granted.

As to Culberson's § 1983 claims against the County, since there are no underlying state law actions by Nichols, there can be no liability imposed upon the County. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 724 (4th Cir.1991)(holding a claim of inadequate training under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised.). *See also Miqui v. City of New York*, No. 01-CV-4628, 2003 WL 22937690, at *5 (E.D.N.Y. Dec. 5, 2003) ("Because [auxiliary city police officer] did not act under color of law, the City . . . cannot be held responsible for his private acts").

Moreover, even if there was an underlying constitutional violation committed by Nichols, it is well-established that there is no respondeat superior liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S, 658, 691 (1978).  In the Fourth Circuit, "the

principle is firmly entrenched that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). It is "only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983.'" *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (*quoting Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)). In *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999), the Fourth Circuit identified four possible sources of official policy or custom giving rise to municipal liability: 1) written ordinances and regulations; 2) affirmative decisions of individual policymaking officials; 3) omissions by policymaking officials that manifest deliberate indifference to the rights of the citizens;  or (4) a practice so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law. (quotation marks and citations omitted). Municipalities may also be held liable for failing to "train, supervise, or discipline" their employees so as to prevent them from unlawfully depriving citizens of their constitutional rights.  *City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985).

     Culberson has not alleged a single fact to support his conclusory allegations regarding the existence of an official policy or custom which violated his constitutional rights. Culberson advances the wholly unsupported leap in logic that, because Nichols filed a complaint about him and sought a restraining order, there must be a policy or custom, or lack of training, that led to such actions.  Unsupported allegations such as these fail. *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 875 (4th Cir. 1989) (affirming dismissal of § 1983 claim alleging inadequate training by municipality because there were no supporting facts); *Allen v. City of Fredericksburg*, No. 3:09CV63, 2011 WL 782039, at *8 (E.D.Va. Feb. 22, 2011) (unpublished) (finding complaint insufficient to state cause of action against city or its police department as it was lacking facts to support

6

plaintiff's conclusory failure to train claim). Nichols' conduct was simply that of a private citizen. Accordingly, Defendant County's Motion to Dismiss is also granted.

## Conclusion

For the foregoing reasons, Defendants Nichols' and Anderson County's Motions to Dismiss (Dkt. # 9 and 10) are **GRANTED IN PART and DENIED IN PART.** Plaintiff's federal claims are **DISMISSED with prejudice**. The Defendants' Motions to Dismiss are **DENIED** to the extent the motions seek dismissal with prejudice of the Plaintiff's state law claims. Instead, pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. Accordingly, the Plaintiff's state law claims are **DISMISSED without prejudice** and this case is **DISMISSED.**

**IT IS SO ORDERED.**

                                                                s/Timothy M. Cain
                                                                United States District Judge

Greenville, South Carolina
January 11, 2012